THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,

    Plaintiff,

v.

STARS WIRELESS & SMOKE, LLC, *et al.*,

    Defendants.

Case No. 1:23-cv-641

Judge Walter H. Rice
Mag. Judge Michael R. Merz

---

ORDER OVERRULING DEFENDANT MAHMOUD ALILI'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM (DOC. #32)

---

On October 30, 2025, Defendant Mahmoud Alili filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1, 2, 6) for lack of jurisdiction and failure to state a claim. (Motion, Doc. #32, PAGEID 106). Alili argues that there are no allegations against him personally, only in his capacity as agent for Defendant Stars Wireless & Smoke LLC. (*Id*). Specifically, Alili claims that "he had no interaction with agent for GS [H]olistics[;] nor is there any allegation or evidence that he is responsible for the ordering of or knowledge of the alleged counterfeit item[.]" (*Id.*).

A motion to dismiss asserting lack of personal jurisdiction or failure to state a claim, FED.R.CIV.P. 12(b)(2, 6), "must be made before pleading if a responsive pleading is allowed." FED.R.CIV.P. 12(b). On January 5, 2024, Alili filed an Answer,

stating in its entirety: "Comes now the Defendant Pro Se in the above captioned matter and denies all specifications and allegations as set forth in Plaintiff[']s complaint[.]" (Doc. #8, PAGEID 33). Accordingly, Alili may not be dismissed on those grounds.

As to the Rule 12(b)(1) argument, the Court has an ongoing duty to ensure that it has subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006), citing FED.R.CIV.P. 12(b)(1) ("The objection that a federal court lacks subject-matter jurisdiction may be raised . . . at any stage in the litigation[.]"). However, Plaintiff GS Holistic, LLC has brought claims against Alili under the federal Lanham Act of 1946, and Plaintiff is correct that this Court has original jurisdiction over federal questions such as trademark infringement. (Compl., Doc. #1, PAGEID 1, ¶¶ 1-2, citing 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338(a)). Thus, the Complaint cannot be dismissed for lack of subject-matter jurisdiction.

For the reasons set forth above, Alili's Motion to Dismiss (Doc. #32) is OVERRULED. Plaintiff's Motion for Default Judgment (Doc. #29) and Alili's Motion to Set Aside Default (Doc. #31) remain pending before the Court.

IT IS SO ORDERED.

November 13, 2025

*[signature: Walter H. Rice]*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT