THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | Case No. 1:23-cv-641 |
| v. | : | Judge Walter H. Rice |
| STARS WIRELESS AND SMOKE LLC, d/b/a STARS WIRELESS & SMOKE SHOP, et al., | : | Mag. Judge Michael R. Merz |
| Defendants. | | |

---

ORDER SUSTAINING IN PART AND OVERRULING IN PART MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #29), SUSTAINING MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT OF DEFENDANT MAHMOUD ALILI (DOC. #31), AND OVERRULING AS MOOT DEFENDANT ALILI'S MOTION REQUESTING CLARIFICATION OF FACTS PUT FORTH IN PLAINTIFF'S COMPLAINT (DOC. #42); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINITFF AND AGAINST DEFENDANT STARS WIRELESS AND SMOKE LLC, d/b/a STARS WIRELESS & SMOKE SHOP; CLERK'S ENTRY OF DEFAULT (DOC. #27) IS VACATED AS TO DEFENDANT ALILI ONLY

---

This case is before the Court on the Motion for Default Judgment of Plaintiff GS Holistic, LLC. (Doc. #29), the Motion to Set Aside Default of Defendant Mahmoud Alili (Doc. #31), and Alili's Motion Requesting Clarification of Facts Put Forth in Plaintiff's Complaint. (Motion to Clarify, Doc. #42). For the reasons set forth below, the Motion for Default Judgment is SUSTAINED IN PART AND OVERRULED IN PART, the Motion to Set Aside is SUSTAINED, and the Motion to Clarify is OVERRULED AS MOOT.

## I. Procedural History

On October 4, 2023, Plaintiff filed its Complaint against Defendants Stars Wireless and Smoke LLC, d/b/a Stars Wireless & Smoke Shop ("Stars Wireless"), and Alili. (Doc. #1). Alili was served, both personally and as the registered agent for Stars Wireless, on or about January 4, 2024. (Returns of Service, Doc. #14, PAGEID 42; Doc. #14-1, PAGEID 43). The next day, Alili filed an Answer, in his personal capacity only, that read in its entirety: "Comes now the Defendant Pro Se in the above[-]captioned matter and denies all specifications and allegations as set forth in Plaintiff[']s complaint[.]" (Doc. #8, PAGEID 33). Alili failed to undertake any defense against Plaintiff's claims or otherwise participate in the case for almost two years thereafter, and counsel never appeared on behalf of Alili or Stars Wireless. On April 14, 2025, the Court ordered Stars Wireless to obtain counsel within twenty-eight (28) days of entry, and to answer the Complaint within twenty-eight (28)) days after counsel entered an appearance. (Order, Doc. #22, PAGEID 57)). Therein, the Court explained that:

> While Alili may proceed *pro se* in his individual capacity, it is well-established that "28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rather, Stars Wireless "must be represented at all times by a 'Trial Attorney' who is a permanent member in good standing of the bar of this Court. Each filing made on behalf of such parties shall identify and be signed by the Trial Attorney. "

2

(*Id.* at PAGEID 56-57, quoting S.D. OHIO CIV.R. 83.4(a); *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)). Stars Wireless did not respond to the Order; nor did counsel appear on its behalf.

On September 29, 2025, Plaintiff obtained a Clerk's Entry of Default against both Defendants. (Doc. #27). On October 20, 2025, Plaintiff filed the Default Judgment Motion (Doc. #29), and sent copies of the Motion via certified mail the next day. (Cert. of Service, Doc. #34, PAGEID 108). Defendants did not file a memorandum *contra*, and the time for doing so has expired. FED.R.CIV.P. 5(b)(2)(C), 6(d); S.D. OHIO CIV.R. 7.2(a)(2). However, on October 30, 2025, Alili filed the Motion to Set Aside, which states in its entirety:

> Comes now the Defendant Mahmoud Alili in the above captioned matter and moves this honorable court to set aside default judgment in this matter pursuant to Rule 60(b), as Defendant Mahmoud Alili has been out of the jurisdiction of the United States since early September 2025, and had not returned until approximately October 27, 2025. Defendant has not received any service from this court in that time. To expand on Defendant's location, he was in Palestine caring for his chronically ill mother, Defendant also informs this court that there is limited communication available in Palestine in regards to cell service and internet. Further, Defendant plans to aggressively defend all allegations put forth by the plaintiff.

(Doc. #31, PAGEID 105 (cleaned up)). As no judgment has been entered, Alili must obtain relief via vacating the Entry of Default under Rule 55(c), rather than obtaining relief from judgment under Rule 60(b). Thus, the Court treats the Motion to Set Aside both as seeking to vacate the Entry of Default and as a memorandum *contra* the Motion for Default Judgment.

3

In its response to the Motion to Set Aside, Plaintiff argues that Defendants acted with culpable conduct, as the "Motion does not attempt to explain the passage of 18 months between service of the Complaint and Summons and the Defendants' Motion to Vacate." (Memo. in Opp., Doc. #40, PAGEID 125). Plaintiff also claims that Alili's difficulties in communication from being in Palestine in October 2025 do not constitute excusable neglect, and that Plaintiff would be substantially prejudiced by setting aside the default, as:

> The passage of nearly two years has likely resulted in the loss or destruction of crucial evidence including invoices, sales records, and communications. Additionally, witness memories regarding the alleged trademark infringement have undoubtedly faded, making it substantially more difficult for Plaintiff to prove its case. This type of evidentiary prejudice is precisely what courts seek to avoid when evaluating motions to vacate default judgments.

(*Id.* at PAGEID 127). Finally, Plaintiff claims that Alili's failure to articulate any specific factual or legal basis for defending against the trademark claims demonstrates that he has no meritorious defense. (*Id.* at PAGEID 127-28). Consequently, Plaintiff concludes, all three factors weigh against setting aside the default.

## II.  Stars Wireless

As stated above, Stars Wireless never answered, moved, or otherwise participated in the case, despite being ordered by the Court to do so. (Order, Doc. #22). Moreover, despite the Court warning that Defendant Stars Wireless, "as a pass-through entity, must be represented by counsel appearing as Trial Attorney" (*id.* at PAGEID 57, citing S.D. OHIO CIV. R. 83. 4(a); *Rowland v. California Men's*

*Colony*, 506 U.S. 194, 202 (1993)), no counsel has appeared for Stars Wireless. As Stars Wireless may not defend itself *pro se*, the Motion for Default Judgment must be sustained as against Stars Wireless for that reason alone.

In its Motion for Default Judgment, Plaintiff presents substantial, valid, and undisputed evidence that:

- According to the United States Patent and Trademark Office ("USPTO"), the Stundenglass Trademarks Reg. Nos. 6,174,291, 6,174,292, 6,633,884 ("Marks") are valid, active, and assigned to Plaintiff[1];

- By selling counterfeit goods bearing the Stundenglass Marks likely to cause consumers to mistake the counterfeit tobacco infusers ("Products") for legitimate Stundenglass products, Stars Wireless is liable for both trademark infringement and false destination of origin, in violation of the Lanham Act of 1946 (Doc. #29, PAGEID 79-84, citing 15 U.S.C. §§ 1114, 1125(a));

- Stars Wireless's Lanham Act violations were willful, as the statute has been interpreted. (*Id.* at PAGEID 86-87, quoting *Coach, Inc. v. Cellular Planet*, No. 2:09-cv-241, 2010 WL 2572113, *2 (S.D. Ohio Jun. 22, 2010) (Graham, J.); citing 15 U.S.C. § 1117(c); *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, No. 05-70804, 2007 WL 1834714, *4 (E.D. Mich. Jun. 25, 2007)); and

- An award of statutory damages in the amount of $150,000 is commensurate with the harm Plaintiff suffered from the infringement and sufficient to act as deterrent toward future potential infringers. (*Id.* at PAGEID 88-89, citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio June 22, 2010) (Barrett, J.) (noting that "courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed."); *JUUL Labs, Inc.*

---

[1] While Plaintiff did not attach the Trademark Certificates for the Stundenglass Marks to the instant Motion for Default Judgment, it has done so in numerous other cases before this Court. (*See, e.g.*, Motion for Default Judgment, No. 2:23-cv-3571, Doc. #19, PAGEID 156-61). Moreover, the Certificates are public records of which the Court may take judicial notice *See, e.g., EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (USPTO records "are appropriate subjects for judicial notice because they constitute matters of public record.").

5

*v. FLI High, LLC*, 2021 WL 3633512, *2 (N.D. Ohio Aug. 17, 2021); C. Folkerts Damages Decl. 1, Doc. #29-1, PAGEID 94-98; C. Folkers Damages Decl. 2, Doc. #29-2, PAGEID 99-101).

Stars Wireless has known about Plaintiff's Complaint and the nature of the allegations against it for almost two years, and has had numerous opportunities to contest Plaintiff's recitation of the facts regarding trademark validity and Defendants' liability for selling counterfeit goods. (Doc. #29, PAGEID 74-77, citing Doc. #1, PAGEID 3-5, 6, 8-9, ¶¶ 9-10, 13-20, 29, 42-43). Stars Wireless has not done so, even when faced with significant evidence of liability. Thus, all well-pleaded allegations in the Complaint are deemed admitted against it, except with respect to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Additionally, Defendants have not attempted to present any evidence in opposition to Plaintiff's Chief Executive Officer regarding damages, or in opposition to Plaintiff's well-reasoned arguments as to the appropriateness of an award of statutory damages of $150,000, $50,000 per infringed trademark, plus costs of litigation, injunctive relief, and destruction of the counterfeit products. (Doc. #29, PAGEID 88-90 (collecting cases); *see also* Doc. #29-1, PAGEID 94-98; Doc. #29-2, PAGEID 99-101; Attorney Damages Decl., Doc. #29-3, PAGEID 102-03).

"Although statutory damages need not match actual damages, courts generally hold that statutory damages should bear some relation to actual damages suffered." *Stark Carpet Corp. v. Stark Carpet & Flooring Installation Corp.*, 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (Plaintiff showing bare procedural violation of law with

6

statutory damages provision does not have Article III standing absent concrete injury-in-fact resulting from said violation.). However, Stars Wireless may not escape judgment simply by not participating in the case and making actual losses impossible to ascertain. Here, Plaintiff has presented undisputed evidence of the harm caused by Stars Wireless infringing Plaintiff's trademark. (Doc. #29-1, PAGEID 94-98; Doc. #29-2, PAGEID 99-101). Finally, district courts have consistently awarded statutory damages of approximately $50,000 per mark or more in trademark infringement cases. (Doc. #29, PAGEID 88-90 (collecting cases)).

In sum, Plaintiff has demonstrated cognizable, redressable harm, and presented undisputed evidence that damages of $150,000 are connected to the harm Plaintiff suffered and act as a sufficient deterrent against future infringement. Thus, judgment will enter in favor of Plaintiff and against Stars Wireless in that amount.[2]

Plaintiff has also shown that equitable relief against Stars Wireless is necessary to prevent present and future harm to Plaintiff. (Doc. #29, PAGEID 90-91, citing 15 U.S.C. §§ 1116, 1118). Accordingly, Stars Wireless is enjoined from purchasing, selling, or using for any purpose, commercial or otherwise, the Products or any other counterfeit Stundenglass product that would infringe upon

---

[2] While Plaintiff also asks that the Court award $908.91 in Court-related costs (Doc. #29-3, PAGEID 103, ¶ 5), costs are taxed against Defendants as a matter of course fourteen days after Plaintiff files a notice of costs with the Clerk of Court's Office. FED.R.CIV.P. 54(d)(1). Thus, the Court need not reach this portion of Plaintiff's Motion at this time.

7

the trademarks at issue. Additionally, Stars Wireless is to destroy all Products and any other counterfeit Stundenglass items in their possession or control within thirty (30) days of entry, and certify to the Court within fourteen days of their destruction that they have been destroyed. Failure to do so may result in sanctions and additional damages being assessed against Stars Wireless.

### III. Alili

A district court "may set aside an entry of default for good cause[.]" Fed.R.Civ.P. 55(c).

> When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006), quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Whether to set aside an entry of default is a matter of discretion. *See Shepard Claims Serv., Inc. v. Wm. Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (reviewing refusal to vacate entry of default for abuse of discretion). Nonetheless, there is a strong preference for adjudicating cases on their merits; "any doubts as to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Hogan v. Cleveland Ave. Rest, Inc.*, No. 2:15-cv-2883, 2023 WL 2664417, *1 (S. D. Ohio Mar. 28, 2023) (internal quotation marks and citation omitted) (Marbley, C. J. )).

8

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. "Culpable conduct" is not merely careless conduct or inexcusable neglect. *Id.* Plaintiff does not argue that Alili intentionally thwarted this Court's proceedings; nor could it reasonably so argue. However, there is no doubt that Alili has disregarded the captioned case's proceedings. By filing a blanket denial in his Answer (Doc. #8, PAGEID 33), Alili demonstrated that, no later than January 5, 2024, he was at least aware of the lawsuit and nature of allegations against him. Yet, Alili did not take part in the case for more than 18 months thereafter, even when the Court ordered his co-Defendant Stars Wireless, on whose behalf he accepted service (Doc. #14-1, PAGEID 43), to obtain counsel and answer the Complaint. (Order, Doc. #22, PAGEID 57). Notably, the Court issued that Order to Stars Wireless on April 14, 2025, several months before Alili went to Palestine. (Doc. #31, PAGEID 105). While Alili "plans to aggressively defend [against] all allegations put forth by the plaintiff" (*id.*), the Court must note that he has not mounted any significant defense to this point.

Nonetheless, the relative haste with which Alili has moved to set aside the default—filing the Motion to Set Aside roughly one month after the Entry of Default, and only three days after he returned to the United States (Doc. #31, PAGEID 105)—leads the Court to conclude that Alili's conduct, while dilatory, was not reckless. *See Shepard Claims*, 796 F.2d at 194 (internal quotation marks and

9

citation omitted) ("Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency."). Thus, the first factor weighs in favor of setting aside the Entry of Default. However, Alili has failed to advance any defense to Plaintiff's claims, much less a meritorious one. Consequently, the second factor weighs heavily against setting aside the default.

Finally, the undersigned notes that courts are loath to keep defaults in place based primarily on prejudice. *See Shepard Claims,* 796 F.2d at 194 ("when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."). Also, Plaintiff is litigating more than thirty cases in this Court alone regarding alleged infringement of the Stundenglass Marks. In other words, Plaintiff would be pursuing nearly identical claims for nearly identical relief, meaning that the prejudice from setting aside the default would be minimal. In sum, the first and third factors, along with the above-discussed strong policy in favor of resolution on the merits, outweigh the lack of meritorious defenses, and the Motion to Set Aside is SUSTAINED as to Alili and the Motion for Default Judgment is OVERRULED as to Alili.

## IV. Motion to Clarify

In the Motion to Clarify, Alili "requests that this court to [*sic*] compel plaintiff to provide an actual primary place of business so we may effect

service[.]" (Doc. #42, PAGEID 132). The Court notes that in Alili's lawsuit against Plaintiff, Plaintiff's counsel accepted service (Return Receipt, No. 1:25-cv-837, Doc. 14, PAGEID 31-32), and Plaintiff will receive notice of all subsequent filings through the Court's Case Management/Electronic Case Filing system. Accordingly, the Motion to Clarify is OVERRULED AS MOOT.

**V.     Conclusion**

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. #29) is SUSTAINED as to Stars Wireless and OVERRULED as to Alili. Judgment in the amount of $150,000, with additional equitable relief described above, shall ultimately enter in favor of Plaintiff and against Stars Wireless. Alili's Motion to Set Aside Default (Doc. #31) is SUSTAINED; the Clerk's Entry of Default (Doc. #27) is VACATED as to Alili only. Alili's Motion to Clarify (Doc. #42) is OVERRULED AS MOOT.

IT IS SO ORDERED.

January 23, 2026

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

11