THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,                          :

     Plaintiff,                          :

    v.                                      :      Case No. 1:23-cv-641

                            :

STARS WIRELESS & SMOKE,                            Judge Walter H. Rice
LLC, d/b/a STARS WIRELESS, *et*        :
*al.*,

     Defendants.

---

**ORDER OVERRULING PLAINTIFF GS HOLISTIC, LLC'S MOTION FOR JUDICIAL DEFAULT (DOC. #59) WITHOUT PREJUDICE TO RENEWAL UPON RENEWED ENTRY OF DEFAULT AGAINST DEFENDANT MAHMOUD ALILI AND SUBJECT TO CONDITIONS SET FORTH BELOW; CLERK OF COURT IS DIRECTED TO ISSUE A RENEWED ENTRY OF DEFAULT AGAINST DEFENDANT ALILI**

---

This case is before the Court on Plaintiff GS Holistic LLC's Motion for Judicial Default. (Doc. #59). Plaintiff has filed the Motion pursuant to FED.R.CIV.P. 55(b) (*id.* at PAGEID 191), which pertains to the entry of default judgment. In support, Plaintiff notes that, in contravention of this Court's March 19, 2026, Order, Defendant Mahmoud Alili failed to file a Motion to Dismiss for Lack of Personal Jurisdiction by the Order's April 13, 2026, deadline. (*Id.*, citing Order, Doc. #56, PAGEID 184). However, on January 23, 2026, the Court vacated the previous Clerk of Court's Entry of Default as against Defendant Alili. (Order, Doc. #49, citing Entry of Default, Doc. #27). Accordingly, the Clerk must issue a

renewed Entry of Default against Alili prior to Plaintiff moving for default judgment. As Alili has not filed any motion or otherwise participated in the instant case since the Court's March 19, 2026, Order, the Court directs the Clerk to issue a renewed Entry of Default against Alili.

The Entry of Default as against Defendant Stars Wireless and Smoke, LLC, d/b/a Stars Wireless (Doc. #27), remains in effect, and Stars Wireless has not obtained counsel, much less participated in the case. However, the information contained within the four corners of Plaintiff's Motion does not allow the Court to "determine the amount of damages; [or] establish the truth of any allegation by evidence[.]" FED.R.CIV.P. 55(b)(2)(B-C). Consequently, the Court cannot grant default judgment based on the Motion. Any renewed motion must contain proof of Stars Wireless's liability and a specific amount of damages.

For the foregoing reasons, the Clerk of Court is DIRECTED to issue a renewed Entry of Default as against Alili. Plaintiff's Motion (Doc. #59) is OVERRULED WITHOUT PREJUDICE to renewal upon re-entry of default against Alili and subject to the conditions set forth above.

IT IS SO ORDERED.

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

2