**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

Case No. 1:23-cv-00641

GS HOLISTIC, LLC,

Plaintiff,

vs.

Star Wireless and Smoke LLC, et al.,

Defendants.
_______________________________________ /

# PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT MOHAMOUD ALILI'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (DE 67)

Plaintiff, GS Holistic, by and through undersigned counsel, files its Motion in Opposition to Defendant Mohamoud Alili's Motion to Set Aside Clerk's Entry of Default and states as follows:

## Introduction

Plaintiff respectfully opposes Defendant Mahmoud Alili's motion to set aside the Clerk's Entry of Default entered on June 3, 2026. Defendant has not shown good cause under Rule 55(c): his asserted excuse is unsupported and inconsistent with the record, he has not articulated a meritorious defense with sufficient specificity, and setting aside default will prejudice Plaintiff. The motion should be denied.

## Legal Standard

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for "good cause." Courts typically consider factors including whether the default was willful or culpable, whether the defendant has a meritorious defense, and whether setting aside default would prejudice the plaintiff. The movant bears the burden to demonstrate good cause with specific facts, not conclusory assertions.

## Argument

**I. Defendant has not shown good cause; the record reflects culpable neglect and inconsistent explanations.**

Defendant contends he could not respond before the June 3, 2026, entry of default because he was "physically out of the country" from May 17 until June 9, 2026. However, his own exhibits show he received a June 3, 2026, CheapOair booking confirmation email while abroad and purchased travel that day, undermining his claim that he was unable to receive timely notice of filings or to take steps prior to default. Defendant's declaration asserts a pattern of traveling overseas approximately every two months to care for his mother, yet he does not explain any arrangements to ensure compliance with court deadlines during these recurring absences, nor why no extension was sought prior to default. These inconsistencies indicate at minimum culpable neglect.

**II. Defendant fails to present a meritorious defense with the required specificity.**

Defendant's motion asserts only that he "has not engaged in any trademark infringement" and that Plaintiff "has failed to provide evidentiary support connecting Defendant to the alleged infringing activities," without identifying facts, legal theories, or evidence that would constitute a complete defense if proven. Bare denials and conclusory statements are insufficient to establish a meritorious defense under Rule 55(c).

**III. Setting aside default will prejudice Plaintiff.**

Defendant contends Plaintiff will suffer no prejudice because proceedings are "in early stages regarding this Defendant" and any delay would be "brief." Plaintiff is prejudiced where delay risks loss of evidence, increased costs, and continued uncertainty; prejudice is heightened where defendant's pattern of periodic international travel suggests further delays. Here, Defendant's stated bi-monthly overseas travel and failure to arrange for compliance during absences portend additional missed deadlines and motion practice, imposing expense and hindering efficient resolution.

**IV. Defendant's asserted diligence is overstated.**

Defendant asserts he returned on June 9, 2026, and "immediately" acted to address the default. Even crediting a June 9 return, Defendant offers no explanation for failure to monitor the case or to seek an extension upon receiving the June 3 booking confirmation while abroad, despite internet access sufficient to purchase tickets and receive emails. The June 3, 2026, CheapOair email shows

active electronic communications during the critical period leading to default. These facts reflect a lack of reasonable diligence.

**Conclusion**

For the foregoing reasons, the Court should deny Defendant Mahmoud Alili's Motion to Set Aside Clerk's Entry of Default (DE 67)..

Respectfully submitted,

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030

*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this June 26, 2026, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF and it was sent electronically to all NEF registered parties.

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030