U.S. DIST. COURT SOUTHERN DIST. OF OHIO-CINCI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

G.S. HOLISTIC LLC.

PLAINTIFF

v.

Star wireless And Smoke LLc., Et Al

Case No.1:23-cv-00641

Judge: Rice

DEFENDANT MOHAMOUD ALILI'S REPLY IN SUPPORT OF MOTION

TO SET ASIDE CLERK'S ENTRY OF DEFAULT (DE 67)

Defendant, Mohamoud Alili ("Defendant"), by and through counsel [or Pro Se if representing yourself], respectfully submits this Reply in Support of his Motion to Set Aside Clerk's Entry of Default (DE 67), answering Plaintiff GS Holistic, LLC's ("Plaintiff") Opposition (DE 68).

INTRODUCTION

The Sixth Circuit maintains a "strong preference for trials on the merits" over default judgments. Shepherd Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986). To block setting aside a clerk's entry of default under Rule 55(c), a plaintiff must show the defendant's conduct amounted to "willful" defiance or culpable neglect. Because Defendant's brief absence was caused by a family medical emergency, and because he possesses a complete and meritorious defense based on the operational realities of his business, the entry of default must be vacated.

ARGUMENT

I. Defendant's Emergency Absence Was Not Culpable or Willful Neglect.

Plaintiff points to a June 3, 2026, automated CheapOair confirmation email as proof that Defendant "had internet access" and could have actively litigated his case while abroad. This argument misconstrues the harrowing reality of a sudden family medical crisis. Receiving an automated flight receipt on a smartphone screen while actively providing care for an ailing mother does not equate to

having the mental focus, physical legal documents, or technological capacity required to draft and file pleadings in a federal district court.

Defendant's recurring international travel is not a leisure luxury, but a family obligation. Defendant acted with reasonable diligence by returning to the country on June 9, 2026, and immediately moving to address his default. There was no willful disregard for this Court's authority.

II. Defendant Has Articulated a Meritorious Defense with High Factual Specificity.

To establish a meritorious defense under Rule 55(c), a defendant needs only to state a defense that is "good at law"—they do not have to prove they will ultimately win at this stage. Coin v. Tokai Financial Services, Inc., 906 F.2d 233 (6th Cir. 1990). Plaintiff seeks to hold Defendant personally liable for trademark infringement occurring at a retail smoke shop. However, as established in the accompanying Declaration, Defendant has a highly specific, complete legal defense:

1. High Employee Turnover: Defendant is an owner who operates a retail establishment with a fluid, high-turnover workforce. Employees and store managers frequently come and go, with many leaving before even completing their basic training periods.

2. Authorized Purchasing Safeguards: Defendant explicitly instructed and authorized his managers to place purchase orders exclusively with reputable, established, and legitimate third-party commercial vendors.

3. Lack of Personal Knowledge or Control: Due to the transient nature of the staff, unauthorized or unvetted items could be introduced into the retail inventory by temporary employees without Defendant's personal participation, direction, knowledge, or consent.

Because personal liability for trademark infringement requires a showing that an individual personally controlled or knowingly participated in the specific infringing actions, these operational facts constitute a robust, meritorious defense.

III. Setting Aside the Default Causes No Prejudicial Delay to Plaintiff.

Plaintiff asserts vague claims regarding the "risk of loss of evidence" and "uncertainty." However, this case is in its early stages regarding this individual Defendant. Any brief delay is negligible.

Furthermore, Plaintiff's fear regarding Defendant's periodic travel is entirely unfounded. Defendant is now fully engaged with this litigation, deeply aware of the active docket, and prepared to strictly comply with all scheduled court deadlines going forward, regardless of temporary family obligations.

CONCLUSION

Because defaults are heavily disfavored and Defendant has established good cause, Defendant Mohamoud Alili respectfully requests that the Court grant his Motion (DE 67), vacate the Clerk's Entry of Default, and allow him fourteen (14) days to file his Answer to the Complaint.

Dated: June 29, 2026

Respectfully submitted,

Executed on this 29 day of June, 2026.

Mahmoud Alili, Defendant Pro Se

595 Creek Side Dr Fairfield Ohio 45014 Apt 206

5133313858

EX4TNEW@GMAIL.COM