**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

Case No. 1:23-cv-00641

GS HOLISTIC, LLC,

Plaintiff,

vs.

Star Wireless and Smoke LLC, et al.,

Defendants.

_______________________________________ /

**FINAL PRETRIAL ORDER**

This action came before the Court at a final pretrial conference held on September 2, 2026, at 3:00 p.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

**I. APPEARANCES:**

For Plaintiff(s): Eddy Leal

For Defendant(s): Pro Se

**II. NATURE OF ACTION AND JURISDICTION:**

A. This is an action for test for trademark infringement arising from Defendants' offering for sale to the consuming public counterfeit products bearing Plaintiff's trademarks. The Plaintiff seeks remedy in the form of statutory damages which considers lost profits, damage to reputation, deterrent effect on the Defendant and others similarly situated, as well as other things. This case will be decided by a jury.

B. The jurisdiction of the Court is invoked under Title 15 United States Code, Section 1121 and Title 28 United States Codes, Section 1331, 1332, and 1338.

C. The subject matter jurisdiction of the Court is not disputed.

**III. TRIAL INFORMATION:**

A. The estimated length of trial is four (4) days.

Trial has been set for September 14, 2026.

## IV. AGREED STATEMENTS AND LISTS:

### A. General Nature of the Claims of the Parties:

(1) PLAINTIFF CLAIMS:

This case was brought because the Defendants got caught offering a counterfeit of the Plaintiff, GS Holistic' s, product for sale to the consuming public. The Defendants' unauthorized use in commerce of the Stündenglass and G-Pen trademarks. The Plaintiff seeks remedy in the form of statutory damages which considers lost profits, damage to reputation, deterrent effect on the Defendant and others similarly situated, as well as other things.

(2) DEFENDANT CLAIMS: Unknown.

(3) ALL OTHER PARTIES' CLAIMS

N/A

### B. Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel (set forth and number uncontroverted or uncontested facts.

1. Plaintiff is the listed owner of U.S. Trademark Registration Nos. 7,028,399; 6,633,885; 6,633,884; 6,174,292; and 6,174,291, with the United States Patent and Trademark Office.
2. Plaintiff is also the listed owner of U.S. Trademark Registration Nos. 4,390,645; 5,368,594; 4,470,963; 4,616,071; 4,466,586; 5,405,360; 5,405,361; 4,462,090; 5,157,353; 5,264,986; 5,264,988; 6,032,396; 6,032,397; 6,202,143; 6,202,144; 6,612,281; 6,904,353; 6,904,354; and 7,601,291 with the United States Patent and Trademark Office.
3. The alleged gravity infusers which are the subject of the above styled lawsuit were not purchased directly from Plaintiff.
4. The allegedly counterfeit gravity infusers which were offered for sale by the Defendants and sold to an investigator, which are now the subject of the above styled lawsuit.

### C. Issues of Fact and Law

Parties unable to reach agreement.

### D. Witnesses

Plaintiff will call or will have available for testimony at trial those witnesses listed in Appendix A hereof. Defendant will call or will have available for testimony at trial those Witnesses listed

on Appendix B hereof. The parties reserve the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

**E. Expert Witnesses**

GS Holistic will be calling Frank McBride as its expert witness. GS Holistic timely disclosed its expert and report.

**F. Exhibits**

The parties will offer as exhibits those items listed herein and numbered with Arabic numerals as follows:
(1) Joint Exhibits -- Appendix D (marked "JX ____")
(2) Plaintiff Exhibits -- Appendix E (marked "PX ___")
(3) Defendant Exhibits Appendix F (marked "DX____")
(4) Third-Party Exhibits – N/A

**INSTRUCTIONS:**

The above exhibits will be deposited with the Court's Deputy Clerk not later than 4:00 p.m. on the One working day prior to trial.

**G. Depositions**

Plaintiff has been unable to secure the deposition of the Defendants.

**H. Discovery**

Despite efforts to obtain the deposition of the Defendants, Plaintiff has been unable to.

**I. Pending Motions**

N/A

**J. Miscellaneous orders**

N/A

**V. MODIFICATION**

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

**VI. SETTLEMENT EFFORTS**

The parties have made a good faith effort to negotiate a settlement but have not reached an agreement

**VII. TRIAL TO A JURY**

The parties will submit proposed jury instructions as required by General Order Number One.

Counsel for Plaintiff(s) Eddy Leal

Counsel for Defendant(s) Pro Se

Approved following Final Pretrial Conference:

______________________

Walter H. Rice
United States District Judge